### The VILLAGE OF ENDICOTT, NEW YORK, Plaintiff,

v.

### INSURANCE COMPANY OF NORTH AMERICA, and The Aetna Casualty and Surety Company, Defendants.

No. 89–CV–572 (FJS).

United States District Court, N.D. New York.

Feb. 6, 1996.

Whiteman, Osterman & Hanna (Jean F. Gerbini, of counsel), Albany, New York, for Plaintiff.

O'Melveny & Meyers (Thomas G. Carruthers, of counsel), New York City, for Defendant Insurance Co. of N.A.

### *DECISION AND ORDER*

SCULLIN, District Judge:

On December 1, 1995, this Court issued a Decision and Order in the above-referenced matter in which it, *inter alia*, denied a motion by defendant Insurance Company of North America ("INA") for summary judgment based upon late notice of occurrence and granted the Village of Endicott ("the Village") partial summary judgment on its claim that INA has a duty to defend it in the underlying CERCLA action. *See Village of Endicott v. INA*, 908 F.Supp. 115 (N.D.N.Y. 1995). Presently before the Court is a motion by defendant INA in which it seeks reconsideration of the Court's decision to grant partial summary judgment to the Village.[1] Also before the Court is a cross-motion by the Village seeking reconsideration of that portion of the Court's December decision that found that questions of fact existed as to whether INA had waived its defense of late notice of occurrence.

---

**1.** INA also seeks reconsideration of the Court's finding that questions of fact exist as to whether it waived its right to assert the defense of late notice of occurrence.

## DISCUSSION [2]

In it's earlier decision, the Court found that the Village of Endicott had failed, as a matter of law, to give INA timely notice of the contamination problem that existed at the Wellfield Site. *Endicott*, 908 F.Supp. at 123. The Court also found, however, that questions of material fact existed as to whether INA had waived its right to assert late notice of occurrence as a defense to the Village's request for coverage. *Id.* at 123. As a result of these two findings, the Court ruled that INA was not entitled to summary judgment on its late notice of occurrence defense, and that the Village was entitled to partial summary judgment declaring that INA had a duty to defend it in the underlying action. *Id.* at 125.

 In its present motion, INA contends that the Court erred in declaring that it had a duty to defend the Village in light of its finding that the Village had failed to meet a condition precedent to coverage—i.e., by giving late notice of the contamination. Because compliance with notice provisions is a condition precedent to coverage under New York law, *Commercial Union Ins. Co. v. International Flavors & Fragrances, Inc.*, 822 F.2d 267, 271 (2d Cir.1987), and because the Court found that a question of fact exists with respect to whether the condition precedent was waived, INA argues that the Village should not have been granted partial summary judgment on this issue. Upon reconsideration, the Court agrees with this argument.

The Court's finding that the Village had failed to give timely notice of the contamination to INA should have served to absolve INA of any obligation to provide any coverage (including duty to defend) to the Village at this stage of the litigation. The fact that the Court also found that questions of fact existed as to whether INA waived its right to assert such a defense should not have then reinstituted that obligation. Unless and until it is proven that INA had, in fact, waived its right to assert the late notice defense, it has

---

**2.** The Court presumes that the parties are familiar with the facts and, therefore, it will not set out a complete factual background of this case.

**38**

no obligation to defend the Village. Accordingly, the Village's motion for partial summary judgment as to INA's duty to defend should have been denied. *See Agway, Inc. v. Travelers Indem. Co.*, 1993 WL 771008, at *13–14 (N.D.N.Y.1993) (Cholakis, J.).

Therefore, INA's motion for reconsideration of this Court's December 1, 1995, Decision and Order is granted insofar as that Order granted partial summary judgment to the Village of Endicott declaring that INA had a duty to defend the underlying action. The Court finds that questions of material fact still exist as to whether INA intended to waive its right to assert its late notice of occurrence defense, therefore the parties' remaining requests for reconsideration are denied.

Accordingly, it is hereby

ORDERED, that defendant INA's motion for reconsideration of this Court's December 1, 1995, Decision and Order is GRANTED in part and DENIED in part; and it is further

ORDERED, that that portion of the December 1, 1995, Decision and Order that granted plaintiff, the Village of Endicott, partial summary judgment is hereby VACATED; and it is further

ORDERED, that the December 1, 1995, Decision and Order of this Court be altered to declare the Village of Endicott's motion for partial summary judgment to be DENIED; and it is further

ORDERED, that the Village of Endicott's cross-motion for reconsideration is DENIED.

**IT IS SO ORDERED.**